IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CYNTHIA H. SPEETJENS,**
**CYNTHIA H. SPEETJENS, ATTORNEY, P.A.,**
**THOMAS ROE FRAZER, II, JOHN DAVIDSON, AND**
**FRAZER DAVIDSON, P.A.**                                            **PLAINTIFFS**

VS.                                    CIVIL ACTION NO.  3:05cv720WHB-AGN

**JANET LARSON, AS TRUSTEE OF**
**THE JANET E. LARSON REVOCABLE**
**TRUST, MARNIE E. NEAR,**
**TRUSTEE OF THE JANET E. LARSON**
**INSURANCE TRUST, AND JANET LARSON,**
**AS TRUSTEE OF JANE DOE TRUSTS 1-5**                                **DEFENDANTS**

**MOTION FOR PRELIMINARY INJUNCTION,**
**PERMANENT INJUNCTIVE RELIEF AND**
**ORDER COMPELLING ARBITRATION**

Pursuant to 9 U.S.C. § 4 and Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs, Cynthia H. Speetjens, Cynthia H. Speetjens, Attorney, P.A. ("Speetjens"), Thomas Roe Frazer, II ("Frazer"), John Davidson ("Davidson") and Frazer Davidson, P.A. ("Frazer Davidson") (collectively hereinafter referred to as "Plaintiffs"), by and through counsel, file this their Motion for Preliminary Injunction, Permanent Injunctive Relief and Order Compelling Arbitration against Defendants, Janet Larson, as Trustee of the Janet E. Larson Revocable Trust, Marnie E. Near, Trustee of the Janet E. Larson Insurance Trust, and Janet Larson, as Trustee of Jane Doe Trusts 1-5 (collectively "the Trusts" or "Defendants") and in support would show unto the Court the following:

1.      A lawsuit was previously filed against Janet Larson to compel her to comply with the agreement to arbitrate she voluntarily and willingly entered into with Frazer Davidson, P.A. and

Cynthia H. Speetjens, Attorney, P.A. and associated counsel on her own behalf and for the benefit of two trusts. See *Speetjens, et al. v. Larson*, Civil Action No. 3:05cv394 ("Larson- I").

2. While Plaintiffs believed that a favorable result in that suit confirming the enforceability of the arbitration agreement would convince Mrs. Larson and the trusts to comply with the demand to arbitrate, they were wrong. Instead, Janet Larson has dismissed her individual suit in a continuing attempt to avoid the agreement to arbitrate and Janet Larson and Marnie Near continue to press the lawsuit as trustees of the two trusts.

3. This Court clearly and unequivocally held that the agreement to arbitrate between Mrs. Larson and the Plaintiffs was valid and enforceable and ordered Janet Larson to comply with the agreement. *See Speetjens v. Larson*, ___ F. Supp. 2d ___, 2005 WL 3074241 (S.D. Miss 2005).

4. Rather than arbitrate, Janet Larson filed a document titled <u>Dismissal Without Prejudice by Plaintiff Janet E. Larson, Individually, Only</u> on November 28, 2005, in the United States District Court, Northern District of California in *Janet E. Larson, et. al. v. Cynthia H. Speetjens, et. al.*, Civil Action Number 05-03176 SBA. This filing dismissed her individual claims against the attorney-plaintiffs. Mrs. Larson now states she had no claim against the attorneys to arbitrate, but will continue the action in California on behalf of the trusts who hold the real claim.

5. In the <u>Dismissal Without Prejudice by Plaintiff, Janet Larson, Individually, Only</u> she purports to dismiss her individual claims in an effort to avoid arbitration. She then leaves the Trusts to pursue the exact same claims covered by the agreement to arbitrate in a malpractice action against Plaintiffs. Janet Larson acted on behalf of the trusts as their agent when she hired Plaintiffs to sue Michael Kimsey and others and would have controlled that litigation. Janet Larson is also in control

of the litigation in California and is pursing the California litigation for her own benefit via the Trusts in an attempt to avoid the agreement to arbitrate.

6.     Unless the associated trusts and their lawyers are enjoined from further pursuit of the action filed in California Plaintiffs will suffer irreparable harm, detriment, injury and damage for which they will have no adequate remedy at law.

7.     The Plaintiffs Appended hereto as Exhibit "A" the Complaint initially filed in California State Court and subsequently removed.  Attached as Exhibit "B" is the Affidavit of Cynthia Speetjens, previously filed in *Larson-I*, along with copies of the two Attorneys' Contingent Fee and Cost Employment Agreement as Exhibits A and B to the Affidavit of Cynthia Speetjens.

8.     There is no bar to the Plaintiffs seeking relief as to the trusts who continue to violate the agreement to arbitrate in the face of this Court's opinion that clearly states the agreement is enforceable.  The Trustees, Larson and Near, have made clear that notwithstanding a clear decision from this Court finding the agreement is valid, they will continue to ignore the agreement over which they are suing Plaintiffs in California.

9.     Plaintiffs will be forced to defend the separate action filed by the trustees via their attorney, Mr. Rosenthal, in direct contravention to Larson's and the Trusts Agreements with Plaintiffs and federal law.  Plaintiffs will lose their contractually bargained for right to arbitration and a Mississippi Forum because the Trusts continue to ignore valid agreements.  The loss of that right would be detrimental to Plaintiffs.  Their right to arbitrate is contractual and sanctioned by a federal statute.  *See* Ex. B, Attorneys' Contingent Fee and Cost Employment Agreements attached to Affidavit of Cynthia Speetjens as Exhibits A and B.  Larson and her attorney's intentional and

deliberate campaign to interfere with this right will result in the loss of this important right to Plaintiffs.

10.     Larson and Near, as trustees, have noticed the deposition of Cynthia Speetjens for February 21, 2006 at the law offices of Mark Rosenthal in San Francisco, California. Ex. C, Notice of Deposition of Cynthia Speetjens. Speetjens is being hailed to a foreign court and being forced to expend time and resources due to this deliberate and continuing breach of contract. The damages caused by these actions cannot be calculated.

11.     Larson and Near, as trustees, have propounded discovery as part of the pending California actions. Ex. D, Requests for Production of Documents.

12.     Finally, in their response to the pending Motion for Stay in California, Larson asserts there will be no arbitration in Mississippi as she has no intent to participate. Ex. E, Larson Response at p. 1 ("First, as a matter of fact, there will be no arbitration in Mississippi or anywhere else between Janet Larson, as an individual, and these Defendants").

13.     Plaintiffs will suffer prejudice should Defendants' separate action go to trial and result in an entry of judgment adverse to Plaintiffs before this Court has ruled on Plaintiffs' Complaint for Order Compelling Arbitration pursuant to 9 U.S.C. § 4. Plaintiffs will be forced to submit to extensive discovery and incur significant expense (as evidenced by the deposition noticed) in a forum other than the one in which they bargained for with Defendants. Further, the filing of the California Complaint was designed to avoid arbitration and seek a favorable forum to Larson and the trusts.

14.     Both trustees are equitably estopped from avoiding arbitration as they seek to avoid the contract on the one hand but sue for breach of it on the other hand.

15. This Court has jurisdiction over the Defendants and venue is proper herein.

**Motion for Preliminary Injunction**

16. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*, the claims outlined in Defendants' Complaint are arbitrable. However, 9 U.S.C. § 4 <u>requires</u> the Court to order arbitration and stay other actions if the existence of an arbitration agreement and its breach are not in dispute. Therefore, the Court should grant a preliminary injunction halting the pending litigation in California until a final resolution of this matter. Alternatively, if the Court does not believe it can stay the California Court it can order the trustees to take all action to terminate the California action via dismissal or an agreed stay pending arbitration.

17. Plaintiffs satisfy the four factors that must be considered when determining whether to grant a preliminary injunction:

    (1) Whether there is a substantial likelihood that Plaintiffs will prevail on the merits;

    (2) Whether there is a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is not granted;

    (3) Whether the threatened injury to Plaintiffs outweighs the threatened harm the injunction may do to the Defendants; and

    (4) Whether granting the preliminary injunction will not disserve the public interest.

These four factors weigh in favor of granting a preliminary injunction enjoining Defendants from pursuit of the California Complaint pending trial of this matter.

18. Further, the Plaintiffs have already shown they are likely to prevail and this Court has agreed in *Speetjens v. Larson*, ___ F. Supp. 2d ___, 2005 WL 3074241 (S.D. Miss 2005) (*Larson -I*).

5

**Motion for Permanent Injunction and Order Compelling Arbitration**

19. Plaintiffs bring this action pursuant to 9 U.S.C. § 4. Defendants have failed and refused to arbitrate as required by the written agreements for arbitration. Defendants voluntarily entered into a lawful agreement to arbitrate any and all disputes and/or controversies relating to Frazer Davidson, P.A.'s or associated counsel's representation in the Agreement with Frazer Davidson. Additionally, Defendants voluntarily entered into a lawful agreement to arbitrate any and all disputes and/or controversies relating to Cynthia H. Speetjens, P.A.'s or associated counsel's representation in the Agreement with Cynthia H. Speetjens, P.A. Exhibits A and B to the Affidavit of Cynthia Speetjens. Alternatively, if the Court concludes Janet Larson was not signing on behalf of these Defendants and as their authorized agent, then the Defendants are equally estopped from avoiding arbitration because they are attempting to reap the benefits of the agreement by asserting the malpractice claim but avoid other obligations. *Washington Mutual Fin. Grp. v. Bailey*, 364 F. 3d 260 (5th Cir. 2004).

20. There is not a dispute that an agreement to arbitrate exists. *Id.;* Ex. A, California Complaint at ¶ 23 (admitting intended to bind trusts by signing agreement).

21. There is not a dispute that Defendants have refused to arbitrate. The Court is familiar with the continuing refusal to comply in *Larson - I*.

22. Based on the above stated factors, the Agreements are enforceable pursuant to 9 U.S.C. § 2 and 9 U.S.C. § 4.

23. Plaintiffs request that while a preliminary injunction is necessary at a minimum, that there are no issues for trial and that this Court should issue a permanent injunction prohibiting Defendants from further pursuing their claims against Plaintiffs in the action styled *Janet E. Larson,*

*as Trustee of the Janet E. Larson Revocable Trust, Marnie E. Near, as Trustee of the Janet E. Larson Insurance Trust vs. Cynthia H. Speetjens, Frazer Davidson P.A., T. Roe Frazer II, John Davidson and John Does 1-100*, and order the Trustees other trusts, Larson and Near to arbitration.

WHEREFORE, PREMISES CONSIDERED, for the reasons stated herein, Plaintiffs respectfully request that this Court enter an Order enjoining Larson, Near and the two Larson Trusts from the following activities:

1. Filing, or causing to be filed through their attorney, any further pleadings, motions, or other papers intended to pursue their civil action against Plaintiffs in the case styled *Janet E. Larson, as Trustee of the Janet E. Larson Revocable Trust, Marnie E. Near, as Trustee of the Janet E. Larson Insurance Trust vs. Cynthia H. Speetjens, Frazer Davidson P.A., T. Roe Frazer II, John Davidson and John Does 1-100*, United States District Court, Northern District of California, Case No. C-05-03176SBA; and

2. From filing additional lawsuits or actions against Plaintiffs that may be detrimental to or interfere with their enforcement of their right to arbitrate.

Plaintiffs also request the Court conclude there are no genuine issues of fact that a written agreement to arbitrate exists and that Defendants have breached the agreement and order Defendants to arbitrate all claims they may have against the Plaintiffs.

  This the   12th   day of January, 2006.

                Respectfully submitted,

                CYNTHIA H. SPEETJENS and CYNTHIA H. SPEETJENS, ATTORNEY, P.A.

                BY THEIR ATTORNEYS,

                DUNBARMONROE, PLLC

                /s/ G. Clark Monroe
                G. Clark Monroe, II

OF COUNSEL:

David C. Dunbar, Esq.
G. Clark Monroe II, Esq. (MSB#9810)
DunbarMonroe, PLLC
1855 Lakeland Drive, Suite R-201
Jackson, MS 39216
(601)366-1805 Office
(601)366-1885 Facsimile

                THOMAS ROE FRAZER II, JOHN DAVIDSON AND FRAZER DAVIDSON

                BY THEIR ATTORNEYS,

                MOCKBEE HALL & DRAKE, P.A.

                /s/ Danny A. Drake
                Danny A. Drake

OF COUNSEL:

Danny A. Drake (MSB#8358)
Mockbee Hall & Drake, P.A.
317 East Capitol Street
Lamar Life Building, 10th Floor
Jackson, Mississippi 39201
(601) 353-0035 Office
(601) 353-0045 Facsimile

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day caused to be transmitted via United States Mail a true and correct copy of the above and foregoing *Motion for Preliminary Injunction, Permanent Injunction Relief and Order Compelling Arbitration* to the following interested parties, to-wit:

Mark Rosenthal
Law Offices of Mark H. Rosenthal
44 Montgomery Street, Suite 4020
San Francisco, California 94104

THIS the  12th  day of January, 2006.

                                              /s/ G. Clark Monroe
                                              Clark Monroe, Esq.